**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re: 2013 Hepatitis A Virus Exposure
Class Action Litigation                                        MDL DOCKET NO. 2537
_____

**DEFENDANT UNITED JUICE CORP'S RESPONSE TO THE JOINT MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

## I.  INTRODUCTION.

Defendant United Juice Corp. ("United Juice") respectfully submits this response in support in part and opposition in part to the Joint Motion filed by Plaintiffs and Defendants Fallon Trading, Inc. ("Fallon"), Purely Pomegranate, Inc. ("Purely Pomegranate"), Townsend Farms, Inc. ("Townsend Farms") pursuant to 28 U.S.C. § 1407.

United Juice supports the transfer and coordination or consolidation of all pending and yet-to-be filed federal class action lawsuits (the "Scheduled Actions") brought on behalf of persons alleging injury as a result of alleged exposure to the Hepatitis A Virus (hereinafter, "HAV") allegedly contained in a frozen berry and pomegranate seed mix called "Townsend Farms Organic Anti-Oxidant Blend" ("the Product").

However, United Juice opposes the transfer of these cases either to the Western District of Washington or the District Court of Oregon.  As expressed more fully below, Defendant United Juice requests that the Scheduled Actions be transferred to the United States District Court for the Southern District of California.

//

//

## II. THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA IS THE MOST APPROPRIATE TRANSFEREE DISTRICT.

The court may look at the following factors in determining the appropriate transferee district: 1) district most advanced to handle the litigation; 2) the number of actions already pending in the chosen district; 3) location of defendant's headquarters; 4) location of most relevant documents and witnesses; 5) district preferred by majority of the parties. *See In re Tenneco, Inc. Sec. Litigation*, 426 F. Supp. 1187, 1189 (J.P.M.L. 1977) (court selected Southern District of Texas over other districts because 4 out of 6 of actions involved were already pending there, defendant's headquarters and most of relevant documents and witnesses were located there, and it was preferred by all responding parties except one plaintiff).

If there are two different districts that are appropriate transferee districts, the court would likely transfer to the district that is the choice of the majority of the parties. *In re General Aircraft Corp. Antitrust/Tort Claims Act Litigation*, 449 F. Supp. 604, 606 (J.P.M.L. 1978). However, the convenience of counsel is not by itself a factor to be considered under Section 1407 in the Panel's decision whether to order transfer or in the selection of a transferee forum for a group of actions. *In re Anthracite Coal Antitrust Litigation*, 436 F. Supp. 402, 403 (J.P.M.L. 1977). Only if the inconvenience of counsel would impinge on the convenience of the parties or witnesses would the convenience of counsel become a factor to be considered by the Panel. *Id.*

Here, the United States District Court for the Southern District of California is the most appropriate transferee district. As indicated in the Joint Motion, Plaintiffs refer to the CDC report to support their allegations that 162 persons were infected with HAV during the outbreak in 2013. According to the CDC, approximately forty-nine percent (49%) (79 out of 162) of the cases of HAV were in California, with the next highest percentage of confirmed HAV cases being in Colorado at

approximately seventeen percent (17%).[1] It is also likely that the largest number of putative class members are in California. Furthermore, the CDC identified *no* confirmed cases of HAV in either Oregon or Washington.[2]

Further, Defendant Purely Pomegranate has its principal place of business in California. That district is also centrally located with convenient access. Currently, no district has more than one Scheduled Action pending.

Townsend Farms suggests the District of Oregon. However, neither United Juice nor its counsel have any offices in Oregon, such that Oregon would be an inconvenient location for United Juice and its counsel. Further, according to the CDC, there were no confirmed cases of HAV in Oregon.[3] Thus, the goals of efficiency and conservation of resources would be better served by consolidating these cases in the United States District Court for the Southern District of California.

Purely Pomegranate suggests the Western District of Washington. As with Oregon, the CDC did not confirm any cases of HAV in Washington.[4] Further, no parties to the Scheduled Matters have any offices in Washington.[5]

### III. CONCLUSION.

For the foregoing reasons, United Juice respectfully requests that the Panel enter an Order consolidating the Scheduled Actions, together with any similar related class actions subsequently

---

[1] http://www.cdc.gov/hepatitis/outbreaks/2013/a1b-03-31/map.html
[2] http://www.cdc.gov/hepatitis/outbreaks/2013/a1b-03-31/map.html
[3] http://www.cdc.gov/hepatitis/outbreaks/2013/a1b-03-31/map.html
[4] http://www.cdc.gov/hepatitis/outbreaks/2013/a1b-03-31/map.html
[5] United Juice does acknowledge that non-party Costco, where Plaintiffs allege a certain amount of the product was sold, is a Washington corporation.

filed or presently unknown, for pretrial proceedings in the United States District Court for the Southern District of California.

RESPECTFULLY SUBMITTED THIS 14th of March, 2014.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


By   /s/Stephen D. Hoffman_____
    Stephen D. Hoffman
    2929 North Central Avenue, Suite 1700
    Phoenix, Arizona 85012-2761
    Telephone: 602.385.1040
    Facsimile: 602.385.1051
    Stephen.Hoffman@LewisBrisbois.com
    Attorneys for Defendant United Juice Corp.