# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: TOWNSEND FARMS ORGANIC ANTI-OXIDANT
BLEND PRODUCTS LIABILITY LITIGATION                    MDL No. 2537

## ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in all actions and three of four defendants (Townsend Farms, Inc., Purely Pomegranate, Inc., and Fallon Trading Co., Inc.) seek centralization of this litigation involving the contamination of a frozen berry and pomegranate seed mix with the Hepatitis A virus. The litigation encompasses the nine actions pending in nine districts, as listed on Schedule A.

Plaintiffs in all actions and defendant Fallon Trading initially took no position on selection of the transferee forum; plaintiffs later suggested the Central District of California, and Fallon Trading later suggested the District of Oregon or the Western District of Washington. Defendant Townsend Farms seeks centralization in the District of Oregon. Defendant Purely Pomegranate seeks centralization in the Western District of Washington. Defendant United Juice Co. initially supported centralization in the Southern District of California, where no action is pending, but now supports centralization in the Central District of California.

After considering all argument of counsel, we will deny transfer. These actions do involve common questions of fact regarding uncompensated economic losses related to the May 2013 recall of Townsend Farms Organic Anti-Oxidant Blend frozen berry and pomegranate mix due to concerns of potential contamination with the Hepatitis A Virus (HAV). The plaintiffs propose highly similar putative classes comprised of those persons who consumed the product or were close to someone who had and who (1) were required, for public health and personal safety reasons, to obtain a vaccination against HAV, (2) received a prophylactic dose of immune globulin, due to their exposure to the product, and/or (3) underwent serology or other diagnostic testing procedures to determine whether such exposure had resulted in infection by HAV. The parties explained at oral argument that a substantial portion of the putative class members received their testing and other treatment at no charge from Costco warehouses, where the product was sold. This factual core appears largely undisputed, as do the controversy's underlying facts (other than those going to the damages of the putative class members).

In these circumstances, we are unconvinced that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. Several factors weigh in our decision to deny centralization. We are not convinced that discovery in this matter will be exceedingly complex or generate significant discovery disputes. Plaintiffs are represented by common counsel, and counsel for defendants appear to have a good working relationship. Accordingly, informal cooperation among the involved attorneys and coordination between

the involved courts seems preferable to formal centralization. *See, e.g., In re: Fresh Dairy Prods. Antitrust Litig.*, 856 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012). As we have observed in similar circumstances, "[n]otices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities." *In re: Trans Union LLC Fair Credit Reporting Act (FCRA) Litig.*, 923 F. Supp. 2d 1374, 1375 (J.P.M.L. 2013). We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liability Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization, pursuant to 28 U.S.C. § 1407, of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| Ellen Segal Huvelle | R. David Proctor |

**IN RE: TOWNSEND FARMS ORGANIC ANTI-OXIDANT**
**BLEND PRODUCTS LIABILITY LITIGATION**                    MDL No. 2537

## SCHEDULE A

District of Arizona

PRATHER, ET AL. v. TOWNSEND FARMS INCORPORATED, ET AL.,
    C.A. No. 4:13-01179

Central District of California

JACOB PETERSEN v. TOWNSEND FARMS, INC., ET AL., C.A. No. 8:13-01292

District of Colorado

FABER v. TOWNSEND FARMS, INC., ET AL., C.A. No. 1:13-02423

District of Hawaii

CALDWELL, ET AL. v. TOWNSEND FARMS, INC., ET AL., C.A. No. 1:13-00408

District of Idaho

BERNDT, ET AL. v. TOWNSEND FARMS, INC., ET AL., C.A. No. 1:13-00388

District of Nevada

FIORE v. TOWNSEND FARMS, INC., ET AL., C.A. No. 2:13-01729

District of New Mexico

MCCONAGHY v. TOWNSEND FARMS, INC., ET AL., C.A. No. 1:13-00959

District of Oregon

STRAKA v. TOWNSEND FARMS, INC., ET AL., C.A. No. 3:13-01759

Western District of Washington

SEWARDS v. TOWNSEND FARMS, INC., ET AL., C.A. No. 2:13-01821